**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Garvin, #355509, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-001291

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2025-UP-213
Submitted June 1, 2025 – Filed July 2, 2025

---

**AFFIRMED AS MODIFIED**

---

John Garvin, pro se.

Christina Catoe Bigelow, of Columbia, for Respondent.

---

**PER CURIAM:** John Garvin, pro se, appeals a decision from the Administrative Law Court (ALC) dismissing his appeal of the South Carolina Department of Corrections' (SCDC's) denial of his grievances concerning SCDC's denial of his prospective visitors' visitation applications. On appeal, Garvin argues the ALC erred in determining it did not have subject matter jurisdiction, that he did not have a state-created liberty interest to visit with family members and friends, and that SCDC's denial of his prospective visitors' visitation applications was not an

arbitrary and capricious act and a denial of his right to due process. We affirm as modified pursuant to Rule 220(b), SCACR.

Initially, we hold the ALC erred in finding it did not have subject matter jurisdiction to hear the matter because a state-created liberty or property interest is not required for the ALC to have jurisdiction to hear the appeal. *See Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 171, 886 S.E.2d 671, 674 (2023) ("A claim that implicates a state-created liberty or property interest is not required for the ALC to have subject matter jurisdiction over the appeal."). However, we hold the ALC did not err in determining Garvin's appeal failed to implicate a state-created liberty or property interest because SCDC's policy did not mandate an outcome for SCDC to approve his prospective visitors' applications without fully completing the application and providing all the requested information. Accordingly, we affirm the ALC's dismissal of Garvin's appeal. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"); *Allen*, 439 S.C. at 169, 886 S.E.2d at 673 ("[A]n inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights."); *Allen v. S.C. Dep't of Corr.*, 434 S.C. 114, 119, 862 S.E.2d 268, 270 (Ct. App. 2021) (holding that to establish a state-created liberty interest, a regulation must explicitly mandate an outcome based on relevant criteria), *aff'd as modified*, 439 S.C. 164, 886 S.E.2d 671 (2023); *id.* (examining whether SCDC's denial of an inmate's request for visitors whom he did not know prior to his incarceration violated a state-created liberty interest and finding that "SCDC's visitation policy lack[s] 'explicitly mandatory language' requiring a particular outcome when factual predicates are met"); *id.* ("This policy vests SCDC with wide discretion; thus, it does not mandate an outcome.").

**AFFIRMED AS MODIFIED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.